1

2

3

4

5

6

7

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

8  WILLIAM RENJOIR,

9                              Plaintiff,          Case No. C13-1202-JCC-JPD

10        v.                                        REPORT AND RECOMMENDATION

11  OFFICE OF THE UNITED NATIONS HIGH
    COMM. FOR REFUGEES, et al.,

12                             Defendants.

13

14

## I.    INTRODUCTION AND SUMMARY CONCLUSION

15        Plaintiff William Renjoir, proceeding *pro se* has filed an application for leave to proceed

16  *in forma pauperis* ("IFP"), Dkt. 1, along with a proposed civil complaint to this Court for review.

17  Dkt. 1-1.  After careful consideration of plaintiff's proposed complaint, plaintiff's IFP

18  application, the governing law, and the balance of the record, the Court recommends that

19  plaintiff's proposed complaint, Dkt. 1-1, be DISMISSED with prejudice for failure to state a

20  claim upon which relief may be granted, and his IFP application, Dkt. 1, be DENIED at moot.

21  *See* 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1).

22                            ## II.    BACKGROUND

23        Plaintiff's proposed complaint, filed on July 10, 2013, asserts that plaintiff is seeking to

REPORT AND RECOMMENDATION - 1

obtain "crucial data, results, patents of experimental research and or medical scenarios" that were

the product of "research that was conducted by Jane Goodall MD and [himself]."  Dkt. 1-1.

Plaintiff alleges that he "personally assisted [Goodall] in obtaining funding as well as made

several arrangements to obtain facilities for [their] research" and is asking the Nobel Prize

Committee members to "publicly/privately acknowledge [his] assistance, contributions and

involvement."  *Id.*  Additionally, plaintiff states that the "Nobel Prize Committee has been

involved with refugee work and has used [his] data, treatments, and possible future cures and [is]

seeking full compensation allowed."  *Id.*

As a threshold matter, the Court notes that Mr. Renjoir has previously filed several

complaints in this district.  The undersigned recommended the earliest filing, Case No. 13-1043-

MJP, be dismissed on the grounds that it was frivolous on June 19, 2013.  *See Renjoir v. The*

*White House,* Case No. 13-1043-MJP; *Renjoir v. Jane Goodall Institute,* Case No. 13-1201-RSL;

*Renjoir v. City of Seattle,* Case No. 13-1203-JCC; *Renjoir v. State of Texas,* Case No. 13-1204-

RSL.

III.   DISCUSSION

A plaintiff must "plead a short and plain statement of the claim showing that the pleader

is entitled to relief."  Fed. R. Civ. P. ("FRCP") 8(a)(2).  This statement must be sufficient to

"give the defendant fair notice of what the plaintiff's claim is and the grounds upon which it

rests."  *Conley v. Gibson*, 355 U.S. 41, 47 (1957).  The factual allegations of a complaint must be

"enough to raise a right to relief above the speculative level."  *Bell Atlantic Corp. v. Twombly*,

550 U.S. 544, 555 (2007).  A complaint may be dismissed as a matter of law if it lacks a

cognizable legal theory or states insufficient facts under a cognizable legal theory.  *Robertson v.*

*Dean Witter Reynolds, Inc.*, 749 F.2d 530, 534 (9th Cir. 1984).  Under 28 U.S.C. § 1915(e), the

district court must dismiss a case "at any time" it determines a complaint is frivolous or fails to state a claim on which relief may be granted.  28 U.S.C. § 1915(e)(2).  Section 1915(e) applies to all IFP proceedings, not just those filed by prisoners.  *Lopez v. Smith*, 203 F.3d 1122, 1127 (9th Cir. 2000).

Here, plaintiff's proposed complaint fails to allege sufficient facts to place the defendants on notice of the nature of plaintiff's claims, or otherwise provide any basis for jurisdiction in this Court.  *See* FRCP 8(a).  Specifically, plaintiff has failed to state a federal claim, because he has not provided any specific facts supporting his allegations that the Office of the United Nations High Commissioner for Refugees or the Nobel Prize Committee used his "data, treatments and possible future cures."  *See* Dkt. 1-1 at 1.  Thus, plaintiff has failed to state a cognizable legal claim against the defendants.  Thus, his proposed complaint appears frivolous.  *See Id.*

The Court must give a *pro se* plaintiff notice of a complaint's defects and leave to amend, unless it is absolutely clear that amendment could not cure the defects.  *Lucas v. Dep't of Corrections*, 66 F.3d 245, 248 (9th Cir. 1995) (per curiam).  Here, plaintiff would have to abandon his claim, and allege an entirely new cause of action in order to proceed with this case. As a result, the undersigned recommends against granting plaintiff leave to amend because it is clear that he cannot cure his pleading defects.

//

//

//

//

//

REPORT AND RECOMMENDATION - 3

IV.    CONCLUSION

For the foregoing reasons, the Court recommends that plaintiff's proposed complaint, Dkt. 1-1, be DISMISSED with prejudice, and that his IFP application, Dkt. 1, be DENIED as moot.  *See* 28 U.S.C. §§ 1915(e)(2)(B)(ii), 1915A(b)(1).  A proposed order accompanies this Report and Recommendation.

DATED this 23rd day of July, 2013.

*James P. Donohue*
_____
JAMES P. DONOHUE
United States Magistrate Judge

REPORT AND RECOMMENDATION - 4